IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| Bruks Rockwood, LLC<br><br>　　Plaintiff,<br><br>　　v.<br><br>FMW Industrieanlagenbau Gmbh; and<br><br>International Industrial Technologies, Inc., and<br><br>Walter D. Lampp, III<br><br>　　Defendants. | Civil Action No.:_____<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL, INJUNCTIVE RELIEF SOUGHT** |

**COMPLAINT**

Plaintiff, Bruks Rockwood, LLC ("Bruks") states its Complaint against FMW Industrieanlagenbau Gmbh ("FMW"); and International Industrial Technologies, Inc. ("IIT"), and Walter D. Lampp, III ("Lamp"), hereinafter collectively referred to as "Defendants" as follows:

**I.　　INTRODUCTION**

1.　　This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

**II.　　JURISDICTION AND VENUE**

2.　　Plaintiff Bruks is a Georgia limited liability company headquartered at 5975 Shiloh Road, Suite 109, Alpharetta, GA 30005.

3.　　On information and belief, Defendant IIT is a Georgia corporation with a principal address at 3207 Lake Forest Drive, Augusta, Georgia 30909.

1

4. On information and belief, Defendant Walter D. Lampp, III, is an individual domiciled at 3207 Lake Forest Drive, Augusta, Georgia 30909.

5. On information and belief, Defendant FMW is an Austrian gesellschaft mit beschränkter haftung, i.e., an Austrian limited liability company, which is headquartered at Kirchstetten 100, 3062 Kirchstetten, Austria.

6. This Court has subject matter jurisdiction over all causes of action set forth herein pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. This Court has personal jurisdiction over Defendants IIT and Lampp, each of which is a citizen of, and domiciled in, the State of Georgia.

8. This Court has personal jurisdiction over Defendant FMW due to FMW's contacts with the State of Georgia, including, but not limited to, the alleged infringing actions, as recited herein.

9. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b), and Local Rule 2.1(b).

## THE CONTROVERSY

10. Bruks is an international enterprise providing a broad range of general industrial and products to businesses in the United States and worldwide.

11. Among the products commercialized by Bruks are bulk handling systems for the pulp and paper, energy, minerals, and terminals industries.

12. Bruks owns U.S. Patent No. 8,177,053, entitled "Air Cushion Conveyor Stacker Reclaimer Device and Method Thereof," which issued from the United States Patent and Trademark Office on May 15, 2012, and is hereinafter referred to as "the '053 patent."

13. A copy of the '053 patent is attached as "Exhibit A."

14. The '053 patent is valid and enforceable.

15. The '053 patent recites, in claim 1:

   An air cushion conveyor stacker reclaimer device, comprising:

   an outfeed conveyor for conveying workpiece bulk materials;

   a reclaimer device for reclaiming the bulk materials;

   a stacking conveyor device for stacking the bulk materials;

   a main tower; and

   an air cushion infeed conveyor for conveying the bulk materials, said air cushion infeed conveyor having an enclosed interior compartment housing an air supported conveyor belt, and said air cushion infeed conveyor suspended above ground by a plurality of suspension wires extending from a fixed position above said air cushion infeed conveyor to said air cushion infeed conveyor.

16. On information and belief, at all times pertinent herein, Defendant IIT is and has been the exclusive sales agent for Defendant FMW in North America.

17. On information and belief, at all times pertinent herein, Defendant IIT has been the alter ego of Defendant Lampp under the control of Defendant Lampp.

18. On information and belief, at all times pertinent herein, Defendant Lampp is and has been a principal, controlling shareholder and chief executive officer of Defendant IIT.

19. On information and belief, at all times pertinent herein, Defendant Lampp has controlled all business and dealings of Defendant IIT, including, but not limited to, Defendant's services

rendered as sales agent for Defendant FMW, including offering to sell, selling, manufacturing, using and importing of Defendant FMW's products in North America.

20. On information and belief, Defendant FMW, directly and through its sales agent, Defendant IIT, and through Defendant Lampp as principal of Defendant IIT, since at least as early as September 2007 until present, has offered to sell, sold, made, used and imported and continues to offer to sell, sell, make, use and import, in the United States, an air cushion conveyor stacker reclaimer device, as recited in claim 1 of the '053 patent ("Accused System").

21. In a letter dated September 11, 2007, a copy of which is attached hereto as Exhibit B (the "Bruks Letter"), Bruks notified Defendant FMW of pending Patent Cooperation Treaty application no. PCT/US2006/033729, entitled "Air Cushion Conveyor Stacker Reclaimer Device and Method Thereof," with an international filing date of August 29, 2006, published March 8, 2007 as International Publication no. WO2007/027696A1 ("PCT Application"). A copy of the PCT Application, as published, is included as an attachment to the Bruks Letter, which is attached hereto as Exhibit B.

22. In the Bruks Letter, Bruks warned Defendant FMW that offering to sell, selling, making, using and importing a Chip Storage and Handling System for Price Companies for use by Graphic Packaging, Inc. in Macon, Georgia would result in infringement under 35 U.S.C. §271 when the patent issues, and would require payment of a reasonable royalty under 35 U.S.C. §154(d).

23. On information and belief, after Defendant FMW received the Bruks Letter, Defendants proceeded to offer to sell, sell, make, use and import in the US the Accused System.

24. On information and belief, Defendant Lampp personally actively offered to sell, sold, made, used and imported in the US the Accused System, and profited therefrom.

25. On information and belief, after the '053 patent was issued, Defendants offered to sell, sold, made, used and imported in the US the Accused System.

26. On information and belief, at the time Defendants offered to sell, sold, made and imported the Accused System, Defendants knew that the use of the Accused System by Defendants' customers would infringe the '053 patent.

27. Use of the Accused System by Defendants' customers infringes the '053 patent.

28. On information and belief, after FMW received the Bruks Letter, Defendants offered to sell and sold to Weyerhaeuser Co. ("Weyerhaeuser"), in Flint River, GA, USA, and made and imported for such sale, the Accused System.

29. Weyerhaeuser's use of the Accused System infringes the '053 patent.

30. On information and belief, after FMW received the Bruks Letter, Defendants offered to sell and sold to Graphic Packaging Corp. ("Graphic Packaging"), in Macon, GA, USA, and made and imported for such sales, more than one Accused System.

31. Graphic Packaging's use of the Accused Systems infringes the '053 patent.

32. On information and belief, Defendants maintain and repair, or provide substantial assistance in maintaining and repairing, the Accused Systems for Defendants' customers, and such maintenance, repair and assistance entail use of the Accused Systems by Defendants, and such use of the Accused Systems by Defendants infringes the '053 patent.

33. Defendants' maintenance and repair of, or substantial assistance in maintaining and repairing, the Accused Systems for Defendants' customers, aids and abets use of the Accused

Systems by Defendants' customers, and such use of the Accused Systems by Defendants' customers infringes the '053 patent.

34.     Defendants' maintenance and repair of, or substantial assistance in maintaining and repairing, the Accused Systems for Defendants' customers, entail selling, importing and installing parts for the Accused Systems.

35.     Parts sold, imported and installed by Defendants to Defendants' customers in the US for maintenance and repair of the Accused Systems constitute a material component of the invention patented in the '053 patent and are not a staple article of commerce capable of substantial non-infringing use.

36.     Defendants' knew that the parts sold by Defendants to Defendants' customers in the US for maintenance and repair of the Accused Systems were especially made and adapted for use in the Accused Systems which infringe the '053 patent.

## COUNT ONE

### INFRINGEMENT OF U.S. PATENT NO. 8,177,053

37.     Bruks realleges and incorporates herein the allegations of each of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

38.     Each Defendant has in the past and continues to make, have made, offer for sale, sell, use, and/or import into the United States one or more products, services, and/or processes, including those products identified above, that constitute direct infringement of the '053 patent in violation of 35 U.S.C. § 271(a).

39.     Each Defendant's infringement of the '053 patent has been, and continues to be, willful.

40. Bruks has and continues to suffer damages as a direct and proximate result of each Defendant's infringement of the '053 patent, and will suffer additional and irreparable damages unless each Defendant is permanently enjoined by this Court from continuing its infringement.

41. Bruks has no adequate remedy at law.

42. Because of each Defendant's infringement of the '053 patent, Bruks is entitled to: (1) damages adequate to compensate it for each Defendant's infringement, which amounts to, at a minimum, a reasonable royalty, and/or includes lost profits, price erosion damages, convoyed and derivative sales damages; (2) treble damages; (3) its attorneys' fees and costs; (4) interest; and (5) a preliminary and permanent injunction.

## COUNT TWO

## INDUCING INFRINGEMENT OF U.S. PATENT NO. 8,177,053

43. Bruks realleges and incorporates herein the allegations of each of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

44. Defendants' customers who purchased the Accused Systems from Defendants are using the Accused Systems, and said use of the Accused Systems by Defendants' customers directly infringes the '053 patent.

45. Defendants actually intended to cause and did cause use of the Accused Systems by Defendants' customers, and said use constitutes direct infringement of the '053 patent.

46. Defendants, with knowledge of the '053 patent, have actively and knowingly aided and abetted direct infringement of the '053 patent by Defendants' customers.

47. Defendants' knew or should have known that Defendants' actions would lead to direct infringement of the '053 patent by Defendants' customers.

48. Each Defendant has in the past and continues to induce infringement of the '053 patent under 35 U.S.C. § 271(b), and is therefore liable as an infringer.

49. Each Defendant's inducement of infringement of the '053 patent has been, and continues to be, willful.

50. Bruks has and continues to suffer damages as a direct and proximate result of each Defendant's inducing infringement of the '053 patent, and will suffer additional and irreparable damages unless each Defendant is permanently enjoined by this Court from continuing its inducement of infringement.

51. Bruks has no adequate remedy at law.

52. Because of each Defendant's inducement of infringement of the '053 patent, Bruks is entitled to: (1) damages adequate to compensate it for each Defendant's inducement of infringement, which amounts to, at a minimum, a reasonable royalty, and/or includes lost profits, price erosion damages, convoyed and derivative sales damages; (2) treble damages; (3) its attorneys' fees and costs; (4) interest; and (5) a preliminary and permanent injunction.

### COUNT THREE

### CONTRIBUTING TO INFRINGEMENT OF U.S. PATENT NO. 8,177,053

53. Bruks realleges and incorporates herein the allegations of each of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

54. Defendants' customers who purchased the Accused Systems from Defendants are using the Accused Systems, and said use of the Accused Systems by Defendants' customers directly infringes the '053 patent.

55. Defendants have actively and knowingly sold, offered for sale, and imported a material component of the Accused Systems that is not a staple article of commerce capable of substantial non-infringing use, with knowledge that the component was especially made or adapted for use in the invention patented in the '053 patent.

56. Defendants, with knowledge the '053 patent, have actively and knowingly contributed to direct infringement of the '053 patent by Defendants' customers.

57. Defendants' knew or should have known that Defendants' actions would lead to direct infringement of the '053 patent by Defendants' customers.

58. Each Defendant has in the past and continues to contribute to infringement of the '053 patent under 35 U.S.C. § 271(c), and is therefore liable as a contributory infringer.

59. Each Defendant's contributory infringement of the '053 patent has been, and continues to be, willful.

60. Bruks has and continues to suffer damages as a direct and proximate result of each Defendant's contributing to infringement of the '053 patent, and will suffer additional and irreparable damages unless each Defendant is permanently enjoined by this Court from continuing its contributory infringement.

61. Bruks has no adequate remedy at law.

62. Because of each Defendant's contributory infringement of the '053 patent, Bruks is entitled to: (1) damages adequate to compensate it for each Defendant's contributory infringement, which amounts to, at a minimum, a reasonable royalty, and/or includes lost profits, price erosion damages, convoyed and derivative sales damages; (2) treble damages; (3) its attorneys' fees and costs; (4) interest; and (5) a preliminary and permanent injunction.

## COUNT FOUR

### PROVISIONAL RIGHTS OF U.S. PATENT NO. 8,177,053 UNDER 35 U.S.C. §154(d)

63. Bruks realleges and incorporates herein the allegations of each of paragraphs 1 through 36 of this Complaint as if fully set forth herein.

64. Defendants, during the period beginning on the date of publication of the PCT Application and ending on the date the '053 patent was issued, (a) made, used, offered for sale, and sold, in the United States, the invention as claimed in the published PCT Application, and imported such an invention into the United States; and (b) had actual notice of the published PCT Application.

65. The invention as claimed in the '053 Patent is substantially identical to the invention as claimed in the published PCT Application.

66. As a result of Defendants' actions, the Defendants' are liable to Bruks for a reasonable royalty under 35 U.S.C. § 154(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Bruks prays that the Court enter judgment in favor of Plaintiff and against each Defendant as follows:

A. That each Defendant, pursuant to 35 U.S.C. § 284, be ordered to pay damages adequate to compensate Bruks for infringement, inducing infringement, and contributory infringement of Bruks' United States Patent No. 8,177,053;

B. That each Defendant, pursuant to 35 U.S.C. §§ 284 and 285, be ordered to pay treble damages and attorneys' fees;

C. That each Defendant, pursuant to 35 U.S.C. § 283, be enjoined from further infringement of Bruks's United States Patent No. 8,177,053;

D. That each Defendant be ordered to pay a reasonable royalty under 35 U.S.C. § 154(d).

E. That each Defendant be ordered to pay prejudgment interest;

F. That each Defendant be ordered to pay all costs associated with this action; and

G. That Bruks be granted such other and additional relief as the Court deems just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b), Plaintiff Bruks demands a trial by jury of all issues triable of right by a jury.

Respectfully submitted, this __18th__ day of December, 2014.

_____
Jonathan R. Smith
ATTORNEY FOR PLAINTIFF
Ga. State Bar No. 365655
Fla. State Bar No. 57311

Jonathan Rigdon Smith, J.D., P.C.
706 G Street, Suite 202
Brunswick, Georgia 31520-67339
Tel.: 912.261.1202
Fax: 912.261.8489
Email: jrs@jrsmithlaw.com

_____
Mark J. Young
Fla. Bar. No. 78158

**Mark Young, P.A.**
12086 Fort Caroline Road, Unit 202
Jacksonville, FL  32225
Telephone: (904) 996-8099
Facsimile: (904) 980-9234
Email: myoung@myoungpa.com

*Application for Pro Hac Vice Admission Pending*